**WO**                                                                                                          MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Willard Edward Davis, Jr., | No. CV 07-2167-PHX-SMM (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Dora B. Schriro, et al., | |
| Defendants. | |

Plaintiff Willard Edward Davis, Jr., who is confined in the Arizona State Prison Complex-Lewis in Buckeye, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will order Defendant Valeros to answer Count Four of the Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $13.88. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**TERMPSREF**

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III.    Complaint

In his five-count Complaint, Plaintiff sues Defendants Arizona Department of Corrections Director Dora Schriro, Correctional Officer (CO) II Brennan, Doctor Quirino Valeros, CO II Suba, and Captain Cook.

In Counts One and Two, Plaintiff alleges that Defendant Brennan engaged in excessive force in violation of the Fourth Amendment (Count One) and Eighth Amendment (Count Two) when he grabbed Plaintiff from behind, picked Plaintiff off his feet, slammed Plaintiff onto the concrete floor, and then dropped all his weight on top of Plaintiff. Plaintiff alleges that this caused his collar bone to break. Plaintiff contends that Defendant Brennan and the Arizona Department of Corrections claim this was the minimal amount of force necessary to prevent Plaintiff from hurting himself. Plaintiff alleges that it would have been more reasonable for Defendant Brennan to grab Plaintiff's secure restraining belt from behind, grab his shoulder to turn him, sweep his legs, and lower him to the floor.

In Count Three, Plaintiff asserts that Defendant Brennan has violated the Eighth Amendment prohibition against cruel and unusual punishment because he has made "snide remarks" and stared at Plaintiff.

In Count Four, Plaintiff contends that Defendant Valeros violated the Eighth Amendment because he did not repair the fracture to Plaintiff's collar bone, did not set the collar bone, did not give Plaintiff pain medications other than over-the-counter medications, and did not send Plaintiff to the hospital.

1  In Count Five, Plaintiff claims that Defendants Cook and Suba violated the Eighth Amendment because they did not attempt to intervene when Defendant Brennan slammed Plaintiff to the floor and they did not "do anything to prevent this act of excessive force."

In his Request for Relief, Plaintiff seeks, among other thing, monetary damages.

## IV.  Failure to State a Claim

### A.  Failure to Link Defendant with Injuries

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). To state a claim against a supervisory official, the civil rights complainant must allege that the supervisory official personally participated in the constitutional deprivation or that the supervisory official was aware of widespread abuses and, with deliberate indifference to the inmate's constitutional rights, failed to take action to prevent further misconduct. See Ortez v. Washington County, 88 F.3d 804, 809 (9th Cir. 1996); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); see also Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92 (1978). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell, 436 U.S. at 691-92; Taylor, 880 F.2d at 1045.

Plaintiff does not allege that Defendant Schriro personally participated in a constitutional deprivation or that she was aware of widespread abuses and, with deliberate indifference to Plaintiff's constitutional rights, failed to take action to prevent further misconduct, or that she formed policies that resulted in Plaintiff's injuries. Thus, Plaintiff has failed to state a claim against Defendant Schriro and the Court will dismiss her.

### B.  Counts One and Two

Claims of excessive force by prison officials arise under the Eighth Amendment, not the Fourth Amendment. When an inmate claims that prison officials violated his Eighth Amendment rights by using excessive physical force, the relevant inquiry is "whether force

was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). However, the Supreme Court has made it clear that not every use of physical force violates the Eighth Amendment:

> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. See Johnson v. Glick, 481 F.2d [1028, 1033 (2nd Cir. 1973)] ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights").

Id. at 9.

Plaintiff does not allege that Defendant Brennan's use of force was applied maliciously or sadistically to cause harm. In fact, the Inmate Grievance Appeal documentation attached to the Complaint states that "[Plaintiff] became very upset during [his] disciplinary hearing, at which time [he] stood up, began using profanity and proceeded to repeated bang [his] head against the wall. Officer Brennan immediately restrained [Plaintiff] to prevent further injury." Moreover, the steps Plaintiff feels would have been appropriate are very similar to those Defendant Brennan employed. Plaintiff has failed to state a claim in Counts One and Two, and the Court will dismiss those counts.

### C.    Count Three

Plaintiff's claim that Defendant Brennan made snide remarks and stared at Plaintiff does not state a claim under the Eighth Amendment. Cf. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) ("[I]t trivializes the [E]ighth [A]mendment to believe a threat constitutes a constitutional wrong."). Therefore, the Court will dismiss Count Three.

### D.    Count Five

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982). In other words, "a prison official can violate a prisoner's Eighth Amendment rights by failing to intervene." Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995). To state a claim for failure to intervene, Plaintiff must allege that Defendants Suba and Cook knew that Defendant Brennan was using excessive force and that they had a reasonable opportunity to prevent the harm. See Yang

1  v. Hardin, 37 F.3d 282, 285 (7th Cir. 1994).  Plaintiff does not allege that these Defendants
2  had a realistic opportunity to prevent the use of force by Defendant Brennan.  Thus, Plaintiff
3  has failed to state a claim against Defendants Suba and Cook.  The Court will dismiss them
4  and Count Five.

**V.     Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has stated a claim against Defendant Valeros in Count Four.  Therefore, the Court will order Defendant Valeros to answer Count Four.

**VI.    Warnings**

**A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.    Copies**

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet,

1  963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
2  comply with any order of the Court).

3  **IT IS HEREBY ORDERED:**

4      (1)    Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint,
5  is **granted**.

6      (2)    As required by the accompanying Order to the appropriate government agency,
7  Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $13.88.

8      (3)    Counts One, Two, Three, and Five and Defendants Schriro, Brennan, Suba, and
9  Cook are **dismissed** without prejudice.

10      (4)    Defendant Valeros must answer Count Four.

11      (5)    The Clerk of Court must send Plaintiff a service packet including the
12  Complaint (Doc. #1), this Order, and both summons and request for waiver forms for
13  Defendant Valeros.

14      (6)    Plaintiff must complete and return the service packet to the Clerk of Court
15  within 20 days of the date of filing of this Order. The United States Marshal will not provide
16  service of process if Plaintiff fails to comply with this Order.

17      (7)    If Plaintiff does not either obtain a waiver of service of the summons or
18  complete service of the Summons and Complaint on Defendant Valeros within 120 days of
19  the filing of the Complaint or within 60 days of the filing of this Order, whichever is later,
20  the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

21      (8)    The United States Marshal must retain the Summons, a copy of the Complaint,
22  and a copy of this Order for future use.

23      (9)    The United States Marshal must notify Defendant Valeros of the
24  commencement of this action and request waiver of service of the summons pursuant to Rule
25  4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy
26  of this Order. The Marshal must immediately file requests for waivers that were returned as
27  undeliverable and waivers of service of the summons. If a waiver of service of summons is
28

not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a)   personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b)   within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **If Defendant agrees to waive service of the Summons and Complaint, he must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) This matter is referred to Magistrate Judge Edward C. Voss pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 19th day of February, 2008.

_____
Stephen M. McNamee
United States District Judge